**Gloria Mojica AVENTURADO,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–70561.
Agency No. A70–921–225.

United States Court of Appeals,
Ninth Circuit.

Submitted July 30, 2004.*

Decided Oct. 21, 2004.

Lizbeth A. Galdamez, Law Offices of Michael P. Karr & Associates, Sacramento, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, David V. Bernal, Attorney, Regina Byrd, Attorney, Washington, DC, David V. Ber-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

nal, Attorney, Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM**

Gloria Mojica Aventurado petitions for review of the denial of her applications for asylum and withholding of removal. Since the Board of Immigration Appeals (BIA) affirmed the decision of the Immigration Judge (IJ) without opinion, we review the IJ's decision as the final agency determination. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir.2004). We have jurisdiction under 8 U.S.C. § 1252, and we review for substantial evidence. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003).

The IJ denied Aventurado's applications on the basis of an adverse credibility finding. The IJ also made an alternative finding that even if Aventurado were credible, she did not establish eligibility for asylum because she could successfully relocate within the Philippines. We reverse the IJ's credibility determination and find the IJ did not apply the correct standard for judging the feasibility of relocation. We remand to the BIA to remand to the IJ for a determination of the relocation issue under the proper standard.

■ The IJ's adverse credibility finding ignored Aventurado's reasonable explanations of discrepancies between her affidavit and her testimony, and laid inappropriate emphasis on aspects of Aventurado's testimony that did not affect the substance of her claim of persecution. The central assertions of the claim for asylum remained consistent, and established that Aventurado had been the victim of persecution at the hands of police officers because of her participation in a youth group that opposed both the criminal activity of drug dealers and traffickers and the corruption of local police and government officials. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1074 (9th Cir.2004) (listing the elements that establish eligibility for asylum). The petitioner's inability to use the correct legal terms in describing the investigation into the murder of a relative, also ostensibly on the grounds of his political opinion, is neither a material inconsistency nor relevant to the credibility of her descriptions of attacks directed at her personally. *See Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003) ("[C]redibility findings must be supported by specific, cogent reasons that are substantial and bear a legitimate nexus to the determination that the petitioner did not meet his burden of establishing eligibility for asylum . . . ."); *Garrovillas v. INS*, 156 F.3d 1010, 1013–14 (9th Cir.1998).

Similarly, Aventurado's difficulty in recalling the precise dates on which two attempts on her life were made has no effect on her credibility. Her testimony that both incidents occurred before her uncle's tenure, during her membership in the youth group, and while she was traveling in a car with other youth group members, is sufficient to identify the period during which they occurred, and consistent with her claim that she was targeted for her anti-drug activities. *See Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir. 1988) ("Minor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

an adverse credibility finding."). Because the IJ's adverse credibility determination "rested on insufficient and impermissible grounds[,] ... we deem [Aventurado's] testimony credible." *Akinmade v. INS,* 196 F.3d 951, 957–58 (9th Cir.1999). Taking Aventurado's testimony as true we find she was persecuted by state police in the Philippines on account of her political opinion.

A finding of past persecution shifts the burden of proof to the government to prove Aventurado could reasonably relocate within the Philippines if returned. *Cardenas v. INS,* 294 F.3d 1062, 1066 (9th Cir.2002). The presumption attending a determination of reasonable internal relocation, once past persecution is proved, is two-fold:

> First, because a presumption of well-founded fear arises upon a showing of past persecution, the burden is on the [government] to demonstrate by a preponderance of the evidence, once such a showing is made, that the applicant can reasonably relocate internally to an area of safety. Second, where the applicant has established a well-founded fear of future persecution at the hands of the government, a rebuttable presumption arises that the threat exists nationwide and therefore that internal relocation is unreasonable.

*Melkonian v. Ashcroft,* 320 F.3d 1061, 1070 (9th Cir.2003) (citations omitted). In Aventurado's case the IJ failed to shift the burden of proof to the government when determining whether Aventurado could reasonably relocate within the Philippines. The IJ said, "[T]he respondent did not submit any evidence that her fear of persecution by the criminal or corrupt police officers in Cavite was countrywide." But it was not Aventurado's burden to submit such evidence, rather it was the government's burden to prove relocation was a viable option. We remand to the BIA to remand to the IJ for reconsideration consistent with this opinion.

PETITION GRANTED IN PART AND REMANDED.